Good morning, counsel. Good morning, Your Honor. Atmore Bagot for the appellant defendant, Apache Junction, Arizona. Your Honor, when the Congress elected to combat drug trafficking, they passed the Controlled Substances Act, and 841 created six separate offenses which go from the early stages of drug trafficking right up to the final stages. These are the manufacture of a controlled substance, the distribution of a controlled substance, and dispensing the controlled substance. And the next three offenses are the possession with intent to do each one of those first three offenses that I just named. In this case, number five, if you use my numbering, it's a possession, somebody who possesses with the intent to distribute a drug. These are separate and independent criminal offenses. They overlap, they blend. Yes, they go from one end to another, but they are still separate offenses. This case involves conspiracy, which is 846. It states that anybody who conspires to commit any offense in this subchapter, the commission of which was the object of the conspiracy. And that is the essence of our case today. The charge rendered by the government in the original indictment is that the defendant, Mr. Espinoza, was conspiring to distribute a contributed substance, marijuana. The charge and the proof, in our view, does not match up. The government's case, as I understand it, is that this guy knew or should have known that the organization, whoever was moving all this drug through the desert, was going to distribute it. And certainly, he has to be charged with that knowledge or should be charged with that knowledge, that this is not for just a big pot party. Obviously, there's 4,000 pounds of marijuana involved in this case, but that the intent of the possessors is to distribute it to other people to make money. It's a business. The defendant, however, was charged with being a scout throughout this whole thing, the whole case. The government is arguing, you know, this guy's a scout, this guy's a scout. That's not an offense, being a scout. What is an offense is conspiring. But what is the object of the conspiracy? The government, I think, had a fairly easy case to show that a scout aids and abets or assists, agrees or plans to help the possession with intent to later distribute all this poundage of marijuana. And that's what a scout does. The role model, the job description is that the scout will assure the safe passage of this marijuana through the desert up to the point that he can't see law enforcement anymore. But the whole job description, and we have the government's expert here who doesn't mention even a word about the later distribution, even though the defendant knew or should have known. I think we all know what 4,000 pounds of marijuana is destined for resale. That's nothing. Where does the 4,000 pounds come in? Because by charging a conspiracy, the government makes this guy responsible for everything that the conspirators possessed. Okay. What conspirators are we talking about here? That's a good question. Originally, I moved to dismiss the indictment because it doesn't tell us the essential facts of the rules. Now, there were two of them that were caught. No, one. One. Well, there were two that were picked up at this time, weren't there? Were there two with backpacks? There were three with backpacks, two scampered away. And this guy tripped and fell, injured himself, and the agent jumps on him. We don't have anybody caught contemporaneously with any drugs anyplace else. This is a case that's very unusual. It's a nothing case. There's no drugs. There's no money. There's no weapons. There's no discussions. There's no communications. Nothing intercepted. Nobody says anything. Complete silence. It's a very unusual case, just a nothing case, a no case, none of the above. So, no, our objection here is that the defendant was convicted of something that he was not charged with. The ruling of the trial judge, which we strongly disagree with, was that it's not necessary for him to distribute any drugs. And his agreement to join the main conspiracy was sufficient to charge him with the 4,000 pounds, which is what the organization ---- Well, what's the evidence of an agreement? That he was a scout, that the ---- this is just ---- Well, that's a conclusion. What's the evidence of an agreement? Well, I don't think there was any alleged in the indictment and there was none proven at trial. It doesn't have to be alleged in the indictment because, unfortunately, Congress wrote the drug laws in a way that you don't have to include over an act. But there has to be evidence of an agreement between more than one person to distribute or to import. But there was none of that. that a jury could reasonably conclude existed was to possess with intent to later distribute. Possession is not the same thing. Possessing with intent, it blends in, of course, but it is a crime different and separate from distribution. And I think the best case that explains that is Loveland, which is not exactly our case, but there Loveland possessed with intent to distribute a large quantity of illegal drugs. But the government didn't charge him with that. They charged him with distribution, conspiring to distribute. And what the court said is that's fine, but there has to be an agreement to distribute other than to possess a large quantity, even though you intend to later distribute it. And we submit that what this is is a case of the government proved one thing but charged another. What did they prove? Well, according to the expert witness, which is what they rely on, that the job description is to ensure safe passage through the desert, namely to aid and abet the possession of whatever group they may be talking about. And we never did know. The one fact that's really alleged in the indictment is the conspiracy ended at the date of the arrest, October 26th. Now, if they're talking about the Sinaloa cartel, you can do a Google search, and they're doing fine. It didn't end with this guy's arrest. So we never really did know, and the government never did explain what the conspiracy is or the nature of it. And they don't have to give us names, but they should give us functions, you know, who it is, some sort of parameters so that we can defend against this case. And that was my objection to the indictment at the very beginning. So I'd like to reserve just a little bit of time. Of course. Thank you. Good morning, Your Honors. Brooke Afshari for the United States. This Court should affirm the convictions for conspiracy to import and distribute marijuana. The defendant below did not dispute the existence of a conspiracy to import and distribute marijuana. Below, the government. What's your proof of an agreement? The proof of the agreement came primarily from the expert. The expert testified to the modus operandi of drug trafficking organizations. What's the factual evidence that proves an agreement between this defendant and some unnamed people? I don't care what the expert says. You know, you can have an expert say what happens in other cases. What were the facts and the evidence that you produced from live witnesses about what happened in this case? Yes, Your Honor. There was a very significant amount of evidence showing that the defendant joined and knowingly participated in an established conspiracy to import and distribute marijuana. What conspiracy? That he joined in a conspiracy to import and distribute marijuana. Tell me the conspiracy. Give me the name of somebody else. Give me the location of the drugs. Tell me something about something.  The government did not identify the names of the other co-conspirators. However, the government did produce sufficient evidence that there is a conspiracy to import and distribute marijuana in Arizona. That came through the testimony of the expert. Arizona's a big state. Excuse me? Arizona's a big state. Yes, Your Honor. So there's a conspiracy to distribute in Arizona. What does this defendant have to do with it? The defendant joined in it by being on a mountaintop in a known drug smuggling corridor, carrying equipment that only scouts for drug trafficking organizations carry. He admitted that four months prior he was trafficking marijuana himself in the same corridor. So he knew that there was marijuana being smuggled through this corridor, and by acting as a scout, by acting as a lookout, he knowingly joined in that conspiracy. You've drawn a conclusion. Probably people that lived in the neighborhood knew that a lot of marijuana smuggling was going on on the mountain. That doesn't make them all conspirators. That's correct. However, by virtue of being near a scout camp, the defendant joined the conspiracy. By being near the scout camp. That is evidence that the defendant joined in the conspiracy because scouts are very protective of their territory. They do not permit nonmembers of drug trafficking organizations near their camp. So is the conspiracy the government is alleging, is it the prior conspiracy that he was just continuing to join, the one that he participated in four months earlier? These drug trafficking organizations continually, yes. It's an ongoing conspiracy? So he's joined an ongoing conspiracy. That's correct. He joined an established conspiracy, and the case has made clear that the government can prove that there is an established conspiracy that the defendant joined in. Look, the guy doesn't get caught with the Motorola radios and the batteries and so on because he's out hiking. We're not that foolish. But what if he decided that he was going to be a scout for a couple of coyotes who thought they could just use the same routes as the drug smugglers, and on this occasion, that's what he was doing. He was out there smuggling people, not drugs. How do we know that that's not the case? We know that's not the case because the expert testified that that is. Expert is talking. That's profiling. That is drug profiling. Expert doesn't know anything about this case. He hasn't been out there to the area. He wasn't there on the day. He hasn't picked up anybody else. It's just a profile. Correct. He's just playing the percentages. Percentages are pretty darn good. Again, we're not that foolish, but. Well, if I may, the expert testified that drug trafficking organizations control these routes, that they do not permit alien smuggling organizations to access them, and the fact witnesses testified that the defendant had in the backpack that he admitted was his luxury items that an alien wouldn't have, Doritos, Oreos, wet wipes. Those are things that show that the defendant intended to be on the mountaintop as a scout for an extended period of time. That shows his connection specifically to a drug trafficking organization. In addition, his. Well, again, you're just playing. Your expert is just playing the percentages at this point. The expert was testifying as to his knowledge as to how these drug trafficking organizations operate. Right. I mean, the fact that the guy's carrying Doritos and wet wipes, again, is playing the percentages. It's a profile of what drug traffickers and drug traffickers' scouts look like up there. But it doesn't show that on this occasion that that's exactly what this guy was doing and that it couldn't be anything else. But did they have to show that it couldn't be anything else in order for the jury to convict and all other possibilities have to be excluded? No, Your Honor. The government was required to produce sufficient evidence from which a reasonable jury could conclude beyond a reasonable doubt that the defendant had joined these conspiracies. The government is permitted to prove the existence of a conspiracy through circumstantial evidence, and the government is permitted to prove that the defendant joined in the The government does not have to produce in each of these cases testimony from the defendant himself. I am a drug trafficker. Of course not. I acted as a scout. No. But typically, you've got drugs. You've got somebody who's got somebody else who's schlepping the marijuana. Correct. And this guy's standing on the mountaintop radioing to people when it's safe to come through. But you haven't got that here. I can't find any other case. If you've got a case that's even close to this, I couldn't find anything. Well, in Nebla Torres, I don't believe that the government had a contemporaneous apprehension of marijuana. Case, I'm sorry. United States v. Nebla Torres. This was one of the cases that was cited in the court's order. That was primarily a corpus delicti case because the defendant there had confessed to being a scout. But there was no contemporaneous apprehension of marijuana. And, of course, the government can prove a conspiracy without the seizure of the actual narcotics. But in the cases where that happens, you have a meeting between two or three people or a phone call or a discussion or something. I mean, obviously, a lot of drug conspiracy cases are proved by people talking to each other about what they're going to do in the future without there being drugs seized. We're going to meet. We're going to bring the drugs in over the border. Here you've got a guy sitting under a tree and two other guys standing up further away from the guy sitting under the tree. We don't know how long he's been sitting under the tree. And then the other two guys run away, and that's all you got. If I may parse out the evidence a little bit more in detail, the defendant was observed underneath a tree very close to another individual who was seen talking on a radio and looking through binoculars specifically at a Border Patrol vehicle on the ground. Now, there may have been marijuana being moved through the desert at this very time. However, it is very difficult for government agents to identify where the marijuana is and apprehend the marijuana smugglers at the exact time that the scouts are apprehended. The defendant then was observed leaving the area of the scout camp with a radio in his hand, wearing a camouflage hat, a camouflage backpack attached to which there was a camouflage carpet shoe. When the agents approached the defendant and the other individual whom he was conversing with that had been looking through binoculars at a Border Patrol vehicle, they both fled. And the defendant was the only one who was apprehended, and he admitted that the backpack he was carrying, which included Motorola radio batteries and a Motorola clip, was his. The defendant's foot sign, or a foot sign more accurately, matching the defendant's, was found in the scout camp. All of this evidence points to the defendant as a scout. And I see that I have two minutes left. I thought the red light was that my time was up. But there is a very significant amount of evidence that the only reason for the defendant to be up there was to participate as a lookout for drug traffickers, and drug traffickers specifically because alien smuggling organizations are not permitted to use these routes. In fact, the defendant himself testified. You mean they're not permitted? The drug trafficking organizations in this area control the routes by violence. That was the testimony of the expert. And they do not permit alien smuggling organizations to move people through the area. Somebody's coming in over the border illegally, like this defendant. And maybe we know he was there four months earlier or so, but hypothetically, maybe he just wandered into the area, or some illegal alien could wander into the area. That doesn't prove, just because he's there, the odd guy that somehow got through their desire not to have people there, doesn't prove he agreed to participate in drug distribution or drug importation. You have to prove an agreement to prove a conspiracy beyond a reasonable doubt. I believe that the defendant's possession of a radio is very significant because alien smuggling organizations do not use these radios. Counsel, what happens if the Border Patrol happened to stop just casually a family that were in three or four ATVs, and they happened to have some radios with them? Under your statement, they're guilty because you told us that drug traffickers don't allow anyone else to be in this area, which means it's a status offense to be in the area. So they must be drug traffickers by definition, right? So shouldn't the Border Patrol or DEA pick them up? Well, there was evidence from the expert that this marijuana is trafficked by vehicle. You can answer my hypothetical. If we find a family from Arizona, kids in the ATVs, and they're carrying radios, do we arrest them? No, Your Honor. And make them part of the conspiracy? No, Your Honor. However, the possession of the radios at the top of a mountain near a scout camp. Again, counsel, we're not naive. We know what's going on here. The question is whether the government has satisfied its burden of proof. The government is permitted to satisfy its burden of proof through circumstantial evidence, and the jury was permitted to examine all of the evidence in addition to the defendant's testimony, which was contradicted by the agent's testimony. So clearly in this case, the jury did not believe the defendant's story that he was merely present at the top of this mountain. I don't believe the story either, but I don't know whether that's enough to say that the government has proven its case. With respect to the proof that the defendant was scouting for drug traffickers specifically, all of the evidence points to drug trafficking and drug trafficking only. Aliens, well, the location of the scout camp was about 50 miles north of the border. The defendant's story that he was merely an alien in the area, he had walked for two weeks, was not credible. For those reasons, the government asks that this court affirm the convictions for conspiracy to import and distribute marijuana. Thank you. Thank you, counsel. Rebuttal? No rebuttal, Your Honor. Thank you. All right. Thank you to both counsel for your arguments in this case. The case, as argued, is submitted for decision by the court. Hartford Fire Insurance v. Timber Sealy International has been dismissed for stipulation of the parties. Patterson v. American Economy Insurance has been submitted on the briefs. Candelaria v. City of Tolson has been submitted on the briefs. That completes our calendar for the day and for the week. We are adjourned.
judges: Rawlinson, Bybee, Friedman